**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Justin J. Lochthowe, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION FOR REMAND** |
| vs. | ) | |
| | ) | |
| State Farm Mutual Automobile Insurance Company, a foreign corporation authorized to do business in North Dakota, | ) ) ) | Case No. 4:06-cv-085 |
| | ) | |
| Defendant. | ) | |

Before the Court is the Plaintiff's Motion to Remand the above-entitled action to the District Court for the State of North Dakota, Northwest Judicial District, Ward County. The basis for remand is lack of jurisdiction under 28 U.S.C. § 1332, in that the amount-in-controversy is not in excess of $75,000.00. For the reasons outlined below, the motion is denied.

I.   **BACKGROUND**

This matter stems from a November 6, 2000, motor vehicle accident between the plaintiff, Justin Lochthowe ("Lochthowe"), and Melvin Iverson ("Iverson") that occurred in Minot, North Dakota. The two vehicles collided, and Lochthowe was injured in the collision.

Lochthowe sued Iverson in state court, and Iverson's liability insurer settled for the policy limits of $50,000. Lochthowe had an insurance policy through State Farm that provided underinsured motorist coverage and personal injury protection (no-fault) coverage. The underinsured motorist coverage limits under the State Farm policy were $100,000. The no-fault limits under the State Farm policy were $30,000. See Docket No. 9.

1

Before Lochthowe finalized his settlement with Iverson's insurer, Lochthowe's attorney gave the required statutory notice to State Farm that it could substitute its funds and thereby preserve its underinsured motorist subrogation claim against Iverson. State Farm declined to substitute its funds. Lochthowe then finalized a settlement with Iverson's insurer and received the policy limits of $50,000.

On October 25, 2006, Lochthowe sued State Farm Mutual Automobile Insurance Company ("State Farm") in state court. In the complaint, Lochthowe contends that he has "suffered severe, disabling, permanent and painful injuries and damages both economic and noneconomic." See Docket No. 1-2. On November 13, 2006, State Farm filed a notice of removal to the United States District Court for the District of North Dakota. On November 28, 2006, Lochthowe filed a Motion for Remand with this Court. On December 7, 2006, State Farm filed a response in opposition. See Docket No. 9.

## II.   **LEGAL DISCUSSION**

District courts shall have original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1). Whether a plaintiff satisfies the $75,000 amount-in-controversy requirement is a jurisdictional issue for the Court to decide. Trimble v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir. 2000). A complaint must be dismissed or the case remanded if it appears that the value of the claim is less than the required amount of $75,000. Id. Following removal of a case to federal court, a plaintiff can seek remand of the action back to state court. 28 U.S.C. 1447(c). It is well-established that the removing party bears the burden of showing that removal was proper. See Rasmussen v.

State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005); In re Business Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993).  When the complaint states a specific amount lower than the required amount, a defendant seeking removal must prove by a preponderance of the evidence that the amount-in-controversy exceeds $75,000.  Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005).  It must appear to a legal certainty that the claim is for less than the jurisdictional amount to warrant a dismissal or remand back to state court.  See Capitol Indemnity Corp. v. 1405 Associates, Inc., 340 F.3d 547, 549 (8th Cir. 2003).  Removal statutes are strictly construed in favor of state court jurisdiction.  In re Business Men's Assur. Co. of Am., 992 F.2d 181,183 (8th Cir. 1993).

    It is apparent that complete diversity exists and neither party contests that issue. The critical issue is whether the amount-in-controversy requirement has been satisfied. In order to prevail in its opposition to the motion to remand, State Farm must establish by a preponderance of the evidence that the amount-in-controversy exceeds $75,000.  Krahn v. Cross Country Bank, No. Civ. 01-2069 (PAM/RLE), 2003 WL 21005295, (D. Minn. Apr. 23, 2003) (citing Larkin v. Brown, 41 F.3d 387, 388-89 (8th Cir. 1994) and Peterson v. BASF Corp., 12 F. Supp. 2d 965, 968 (D. Minn. 1998)); see also Trimble v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir. 2000) ("When a federal complaint alleges a sufficient amount-in-controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence.  The complaint will be dismissed if it appears to a legal certainty that the value of the claim is actually less than the required amount.").

Lochthowe alleged in the complaint that he is seeking "damages in an amount greater than $50,000," "costs, disbursements, attorney's fees, and interest," and "such other relief as the Court deems just and equitable. See Docket No. 1-2. The law in North Dakota concerning the prayer for relief in a complaint provides as follows:

> Any pleading for damages for death or injury to a person may pray for economic and noneconomic damages separately. Any prayer for noneconomic damages of less than fifty thousand dollars or for economic damages may be for a specific dollar amount. Any prayer for noneconomic damages for fifty thousand dollars or more must be stated generally as "a reasonable sum but not less than fifty thousand dollars."

N.D. Cent. Code § 32-03.2-07 (2005). In the complaint Lochthowe alleged that he was seeking economic and noneconomic damages and that he will request leave to amend the complaint to include a claim for punitive damages. Although not required to do so, Lochthowe has not offered to stipulate that his recoverable damages are less than $75,000 which would unquestionably result in a remand of this action to state court.

Lochthowe contends that the maximum recovery of underinsured coverage benefits available under the State Farm policy is only $50,000 because the underinsured limits are $100,000 and $50,000 of that limit has already been exhausted as a result of the settlement. State Farm contends that its exposure for the underinsured motorist claim is actually $100,000 rather than $50,000.

In North Dakota, underinsured motorist coverage is a creature of statute. N.D. Cent. Code §§ 26.1-40-15.1, et. seq. In DeCoteau v. Nodak Mutual Insurance Company, 603 N.W.2d 906 (N.D. 2000), the North Dakota Supreme Court discussed different types of underinsured motorist coverage and traced the history of that coverage through North Dakota statutes to the present time. When the Legislative Assembly of North Dakota adopted the present statutory framework contained in N.D. Cent. Code §§ 26.1-40-15.1, et. seq., the Legislature chose to adopt a threshold definition of

"underinsured motor vehicle" which must be met before an underinsured motorist claim arises. In DeCoteau, the North Dakota Supreme Court referred to that definition as the "trigger" for underinsured motorist coverage.

There is no dispute that Iverson's motor vehicle was an "underinsured motor vehicle" as defined under North Dakota law and the State Farm policy. This is because the liability limit applicable to the Iverson vehicle was $50,000 and the underinsured motorist limits under the State Farm policy are $100,000. See N.D. Cent. Code § 26.1-40-15.1(2). Once the definition of "underinsured motor vehicle" has been met and the trigger established, the underinsured motorist insurer's maximum liability is the lower of (1) the compensatory damages established but not recovered from the tortfeasor; or (2) the limits of the underinsured motorist coverage. Therefore, State Farm's exposure for the underinsured motorist claim is $100,000, not $50,000 as asserted in the plaintiff's motion for remand. The $50,000 that Lochthowe received from the liability insurer would be deducted from the total compensatory damages established, not from the State Farm underinsured motorist limits. For example, if the fact finder determines that Lochthowe's total compensatory damages as a result of the automobile accident are $150,000 or more, the liability limits of $50,000 would be subtracted from the compensatory damages awarded and State Farm would still owe its $100,000 underinsured motorist limits.

State Farm is correct in its contention that its exposure on Lochthowe's underinsured motorist claim is potentially $100,000. State Farm bears the burden of establishing, by a preponderance of the evidence, that the potential damages exceed $75,000. In an attempt to demonstrate that the amount-in-controversy exceeds $75,000, State Farm notes that the $50,000 settlement reached with the liability insurer for the policy limits was paid quickly, without

hesitation, and with little or no discovery having been conducted. The fact that the $50,000 policy limits were paid so promptly under the circumstances leads one to reasonably conclude that liability is clear and the damages are significant. State Farm also notes that Lochthowe seeks to recover the remaining no-fault benefits available in the amount of $14,784, for a total no-fault benefit payout of $30,000. This equates to a total of $80,000 in compensatory damages established to date. The potential to recover additional compensatory damages (both economic and noneconomic) remains as well as the potential recovery of economic and noneconomic damages for alleged "bad faith;" damages for breach of fiduciary duty; negligence; breach of contract; the tort of outrage; and punitive damages and attorneys fees.

> North Dakota has codified the type of damages recoverable in a personal injury claim.
>
> In any civil action for damages for . . . injury to a person and whether arising out of breach of contract or tort, damages may be awarded by the trier of fact as follows: . . . Compensation for noneconomic damages, which are damages arising from pain, suffering, inconvenience, physical impairment, disfigurement, mental anguish, emotional distress, fear of injury, loss or illness, loss of society and companionship, loss of consortium, injury to reputation, humiliation, and other nonpecuniary damage.

N.D. Cent. Code § 32-03.2-04. North Dakota law allows for the recovery of physical and emotional damages in a personal injury action. There is no statutory cap on the amount of recoverable economic and noneconomic damages.

Having carefully considered all of the evidence, the Court finds that State Farm has at this stage shown, by a preponderance of the evidence, that the amount-in-controversy exceeds $75,000. The Court has not considered the possibility of recovering punitive damages against State Farm in considering the amount-in-controversy requirement. The Eighth Circuit also permits the Court to consider attorneys' fees in determining the amount-in-controversy. See Capitol Indemnity Corp. v.

Miles, 978 F.2d 437, 438 (8th Cir.1992).  However, it is well-settled that attorneys' fees are not allowed to a successful litigant unless expressly authorized by statute. See In re Estate of Lutz, 620 N.W.2d 589, 598 (N.D. 2000).  Nevertheless, there is sufficient evidence to show that a jury could reasonably award more than the statutory minimum in this case.

### III.   CONCLUSION

For the reasons set forth above, the Court finds that State Farm has presented sufficient evidence to show that a fact finder could legally conclude that the damages the Plaintiff suffered are greater than the $75,000 amount-in-controversy requirement necessary to support diversity jurisdiction.  The Court concludes that removal jurisdiction is proper at this stage of the proceedings.  Accordingly, the Court **DENIES** the Plaintiffs' Motion to Remand (Docket No. 5).

**IT IS SO ORDERED.**

Dated this 19th day of January, 2007.

                                      */s/ Daniel L. Hovland*
                                      Daniel L. Hovland, Chief Judge
                                      United States District Court